**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LUIS PABLO GONZALEZ AVENDANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DESERT VIEW FACILITY, ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 5:26-cv-05831-DFM<br><br>ORDER GRANTING IN PART UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Luis Pablo Gonzalez Avendano filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his September 2, 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). Respondents did not appear or respond by the deadline. See Dkt. 5. That default does not itself entitle Petitioner to relief, see Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), so the Court treats the Petition's well-pleaded allegations as uncontested and reaches the merits. Petitioner was released after presenting himself at the border in 2022 and lived openly in the United States for nearly four years before ICE re-arrested him without notice or any opportunity to be heard.

For the reasons set forth below, the Petition is **GRANTED** in part. Respondents shall release Petitioner forthwith on the conditions of his prior release. The remaining requests for relief are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of Mexico, applied for admission at the San Ysidro port of entry on November 7, 2022, seeking asylum. See Petition ¶ 1; Dkt. 1-1, Ex. A ("NTA") at 2. After inspection, DHS served him with a Notice to Appear in removal proceedings, directed him to appear in Immigration Court on March 9, 2023, and released him; he reported as instructed. See Petition ¶ 1; NTA at 2. In October 2023, he filed an application for asylum and withholding of removal in his removal proceedings. See Petition ¶ 2; Dkt. 1-1, Ex. C at 22. He then obtained employment authorization, worked in construction, and paid federal income taxes, and in his filings he gave the government his address and contact information. See Petition ¶¶ 2, 4-5; Dkt. 1-1, Exs. D, E.

On September 2, 2026, immigration agents pursued Petitioner in a vehicle, stopped him, and detained him. See Petition ¶ 7. He alleges that he received no warrant, notice, or hearing before the arrest, and no custody determination after it. See id. ¶¶ 7, 25, 28. He remains detained at the Desert View Facility in Adelanto, California. See id. ¶¶ 8, 17; Dkt. 1-1, Ex. F at 44. Petitioner claims that the re-detention violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act. He seeks release, an injunction against re-detention without notice and a pre-deprivation hearing, declaratory relief, and fees. See Petition ¶¶ 32-39 & Prayer for Relief.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Nothing in the record indicates that an administratively final removal order has issued, so Petitioner's detention is governed by 8 U.S.C. §§ 1225 and 1226, not § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). The record discloses neither the provision Respondents invoke nor the instrument of the November 2022 release. The Notice to Appear designates Petitioner an "arriving alien," NTA at 2, but Respondents have not argued that the designation or the form of his release affects his liberty interest or the process due, and the analysis below turns on neither. Exhaustion is prudential, see Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), and not argued by the non-appearing Respondents.

The Due Process Clause protects a person's interest in conditional liberty once he has been released. In Morrissey v. Brewer, 408 U.S. 471, 482 (1972), the Supreme Court held that such liberty "is valuable and must be seen as within the protection of" the Due Process Clause, and that its termination "calls for some orderly process." A noncitizen released from immigration custody who remains at liberty and complies with the conditions of release acquires a protected interest in his continued release. Petitioner did so for nearly four years. He reported as directed, pursued asylum in his removal proceedings, worked under a grant of employment authorization, and kept the government informed of where he lived.

The sufficiency of the procedures attending a deprivation of liberty is assessed under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of additional process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (applying Mathews to immigration detention).

Each factor favors Petitioner. The private interest—freedom from confinement after nearly four years of compliant liberty—is substantial. The risk of erroneous deprivation is high because Petitioner received no procedures at all: no notice and no opportunity to be heard, before or after his arrest. And no governmental interest appears. Respondents assert no danger, flight risk, violation of release conditions, or changed circumstances, and the uncontested facts point the other way. The re-detention violated procedural due process.

The unopposed remedy is release restoring the status quo ante: the conditions of Petitioner's prior release. That disposition affords complete relief, so the Court does not reach Petitioner's statutory claim or his requests for injunctive and declaratory relief, and it expresses no view on any future re-detention on a different record.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in part.
2. Respondents shall forthwith release Petitioner Luis Pablo Gonzalez Avendano (A# 246-088-897) on the conditions of release in effect immediately before his September 2, 2026 re-detention.
3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 2.
4. All other requests for relief are **DENIED**.
5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: October 13, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge